CRAWLEY, Judge,
concurring in part and dissenting in part.
Although I concur with the majority’s af-firmance of the property division in this case, I must respectfully dissent as to the affir- *453 manee of the paternity determination. In my opinion, the trial court should not have considered the paternity issue in this case until after it complied with the Uniform Child Custody Jurisdiction Act (the “UC-CJA”), found in Aa.Code 1975, § 30-3-20, et seq. I realize that the UCCJA is concerned with issues of child custody and not directly concerned with paternity determinations. However, I believe that the paternity issue, by its very nature, raised the possibility that the trial court would have to address the issues of custody and visitation. See M.M. v. C.M., 600 So.2d 316, 317 (Ala.Civ.App.1992) (stating that the issue of parentage is central to the disposition of divorce or custody proceedings). Therefore, I believe that the UC-CJA should have been applied by the trial court when it first became aware that Virginia had entered a custody judgment regarding the child.
I agree with the trial court’s observation at the pendente lite hearing that it needed the entire Virginia file to determine this case. Under the UCCJA, an Aabama court must enforce the custody decrees of other states. Ala.Code 1975, § 30-3-33. In addition, the UCCJA requires an Aabama court to first determine whether it has jurisdiction over the custody dispute under Ala.Code 1975, § 30-3-23. Upon consideration of the factors enumerated in § 30-3-23, I find that there is a substantial question concerning the appropriateness of the Aabama court’s jurisdiction over this case. If, however, the Aa-bama court has jurisdiction, the court may still consider whether Aabama is an “inconvenient forum” and whether another state has superior jurisdiction over a custody dispute. Ala.Code 1975, § 30-3-27. An Aa-bama court has the right to communicate with another jurisdiction to determine whether Aabama would be an inconvenient forum. Ala.Code 1975, § 30-3-27(d).
To aid in the implementation of the UC-CJA, “every party in a custody proceeding, in his first pleading or in an affidavit attached to that pleading, shall ... declare under oath whether,” among other things, he has knowledge of another custody proceeding in this or any other state concerning the child and whether any other person claims to have custody of the child. Ala.Code § 30-3-29. Neither the wife nor the husband revealed in any affidavit that the child was the subject of a custody judgment in Virginia. Until the wife filed the order of the Virginia court, the trial court did not know that another court had exercised jurisdiction over the child. However, once the trial court was so advised, it had the power, and in fact the responsibility, to request the court file from that other state. Ala.Code 1975, § 30-3-42 (stating that “the court of this state, upon taking jurisdiction of the ease shall request of the court of the other state” the court file) (emphasis added).
Therefore, I would reverse that portion of the trial court’s judgment holding that the husband is not the biological father of the child and remand that portion of the judgment to the trial court with the instructions that it apply the UCCJA to determine whether it, as an Aabama court, has jurisdiction over the issues of the child’s custody or parentage, or whether Virginia, or perhaps Georgia[1], is a more appropriate forum for the determination of these issues.

. The husband, the wife, M.A.K., and the child resided in Georgia at the time of the divorce.